**THE HONORABLE MARY JO HESTON**
**CHAPTER 13**
**HEARING DATE: March 30, 2023**
**HEARING TIME: 1:00 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: March 23, 2023**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>BREANNA DEE MADRID,<br><br>Debtor. | Case No.: 19-42260-MJH<br><br>NOTICE OF AND TRUSTEE'S MOTION TO MODIFY CONFIRMED PLAN PURSUANT TO 11 U.S.C. § 1329(a) OR ALTERNATIVELY, TO DISMISS PURSUANT TO 11 U.S.C. § 1307(c) |

## NOTICE

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Motion to Modify Confirmed Plan or Alternatively, to Dismiss will be heard before the Honorable Mary Jo Heston at **1:00 p.m. on the 30th day of March 2023** at Union Station, 1717 Pacific Avenue, Courtroom H, Tacoma, Washington, 98402.

**IF YOU OPPOSE** this motion, you must file your written response with the Court Clerk and deliver copies on the undersigned and all interested parties, NOT LATER THAN THE RESPONSE DATE, which is **March 23, 2023**. You should also appear at the time of hearing.

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 1

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

If you fail to do so, the Court may enter an order granting the motion without any hearing and without any further notice to you.

## MOTION

**COMES NOW** Michael G. Malaier, the Chapter 13 Standing Trustee, and moves the Court for an order modifying Debtor's confirmed plan pursuant to 11 U.S.C. § 1329(a) or alternatively, to dismiss pursuant to 11 U.S.C. § 1307(c).

## BACKGROUND

Debtor is currently in month forty-three of a thirty-six month plan. Her confirmed plan proposed to pay $0.00 to general unsecured creditors. ECF No. 22. On September 30, 2022, Debtor amended schedules A/B & C to disclose and exempt her 1/5th interest in the Estate of Dorsey Bjork, which she became entitled to in February 2022. ECF No. 36. February 2022 was month thirty-one of Debtor's applicable commitment period. Debtor listed the value of the inheritance as "unknown," but claimed an exemption in the amount of $13,876.00. *Id*.

On February 7, 2023, counsel advised that Debtor's share of the inheritance totaled $71,852.00. Based on counsel's representation of the total amount to be received, Trustee calculated that the non-exempt value of the inheritance would be $57,976.00 after applying Debtor's claimed exemption. Filed unsecured claims total $24,891.52 and have received $0.00.

At that time, because the non-exempt portion exceeded filed unsecured claims, Trustee advised counsel that, per Judge Lynch's ruling *In re Villegas*, the Debtor would either need to pay sufficient non-exempt proceeds from the inheritance to pay 100% of filed claims ($24,891.52) or that Debtor's plan would need to be modified to pay 100% of filed claim through ongoing plan payments. *In re Villegas*, 573 B.R. 844 (Bankr. W.D. Wash. 2017).

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 2 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Case 19-42260-MJH    Doc 41    Filed 03/08/23    Ent. 03/08/23 08:47:29    Pg. 2 of 7

After multiple follow up emails, on March 3, 2023, counsel confirmed that Debtor had received the expected inheritance, but advised that she does not intend to pay the non-exempt portion of the inheritance into the plan and that she does not intend to modify her plan to account for the non-exempt portion of the inheritance. Instead, the Debtor intends to use the inheritance for living expenses and expects to be granted a discharge now that administrative and secured claims have been paid in full. Counsel advises that because Debtor received the inheritance more than 180 days after filing that she does believe the inheritance is property of the estate.

Debtor is not entitled to retain the non-exempt portion of the inheritance because she became entitled the inheritance during her applicable commitment period and it is property of estate. Debtor conceded that the inheritance is property of the estate when she disclosed the asset and claimed an exemption.

As such, Trustee brings this motion to modify to account for Debtor's change in circumstances to ensure Debtor's creditors receive the non-exempt portion of Debtor's inheritance. Alternatively, Trustee requests Debtor's case be dismissed for bad faith.

## **ARGUMENT**

The Bankruptcy Code provides that at any time prior to completion of payments under the plan, the plan may be modified upon the request of the debtor, the trustee, or the holder of an allowed unsecured claim. 11 U.S.C. § 1329(a). Modification in this circumstance is appropriate to allow Trustee to recover nonexempt, post-petition funds for the benefit of Debtor's unsecured creditors. Debtor's inheritance constitutes a windfall that is not provided for in her confirmed plan. 11 U.S.C. § 1306 sets forth the nature and extent of the Chapter 13 bankruptcy estate. By its clear language, it includes not only the property defined under 11 U.S.C. § 541, but "all property of the kind specified in such section that the debtor acquires after the commencement of

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 3 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Case 19-42260-MJH    Doc 41    Filed 03/08/23    Ent. 03/08/23 08:47:29    Pg. 3 of 7

the case but before the case is closed, dismissed, or converted…whichever occurs first." 11 U.S.C. § 1329, by implication, highlights this expansive definition by providing interested parties the right to seek a plan modification grounded in changed circumstances which, under most scenarios, result in an increase or decrease in estate property. Should post-confirmation additions to the estate somehow avoid the reach of 11 U.S.C. § 1306, 11 U.S.C. § 1329 would be rendered meaningless.

As noted by Judge Jim Pappas in *In re Jackson*, 403 B.R. 95 (Bankr. D. Idaho 2009), "[T]he Ninth Circuit has yet to specifically address whether assets acquired by a debtor after confirmation of a plan but before the case is closed, dismissed, or converted, should be treated as property of the estate." *Id* at 98.

In discussing various approaches to this issue, Judge Pappas notes that many courts "gravitate" to the approach that treats all post-confirmation property as property of the estate and cites with favor *United States v. Harchar*, 371 B.R. 254, 268 (Bankr. N.D. Ohio 2007). "As one court explained, this interpretation is 'consistent with the language of sections 1306(a) and 1327(b), and avoids creating a distinction among types of post-confirmation property where there exists no textual basis to do so.'" *Id* at 99 citing *In re Fisher*, 203 B.R at 962-63 (N.D.Ill.1997). Noting that the "growing majority" of courts adopt this position, Judge Pappas explains the intuitive rationale in so finding: "[C]onfirmation of a Chapter 13 plan operates to adjust the rights of creditors and the debtor in relation to the assets existing at that time. However, because it necessarily takes years for a debtor to perform a plan, a debtor's acquisition of significant post-petition assets cannot be seen to inure solely to the benefit of any post-petition creditors." *Id* at 99.

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 4 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Moreover, as noted *supra*, the code countenances pre-confirmation creditors' interest in after-acquired property by permitting interested parties to move for a modification of the plan under 11 U.S.C. § 1329(a). The growing majority cited by Judge Pappas includes *In re Harvey*, 356 B.R. 557 (Bankr. S.D. Georgia 2006), which supports this rationale. It holds that post-confirmation assets, including specifically, a debtor's personal injury cause of action, become property of the estate under 11 U.S.C § 1306, and are not deemed to be revested as of confirmation by operation of section 1327. Judge Lamar Davis concludes: "[Such assets] must be scheduled so that the Trustee's or a creditor's right to seek modification is a meaningful right." *Id* at 565. *See also In re Rangel*, 233 B.R. 191 (Bankr. D. Mass. 1999)(concluding that after-acquired property must be disclosed for inclusion as property of the estate, adopting the rationale set forth in *Fisher, supra*); *In re Wetzel*, 381 B.R. 247 (Bankr. E.D. Wis. 2008)(holding that language in confirmed Chapter 13 plan, providing that estate property would revest in debtors at confirmation, merely affected estate property in existence when plan was confirmed); *In re Waldron*, 536 F.3d 1239 (11th Cir. 2008)(Holding that after-acquired uninsured motorist claim was properly characterized as estate property and that the bankruptcy court did not abuse its discretion in requiring debtor to amend his schedules to disclose settlement of the claim).

Debtor has an affirmative duty to cooperate with Trustee so that he can perform his duties. 11 U.S.C. § 523(a)(3). That duty would be rendered meaningless if disclosure of an asset is all that is required.

As an initial matter, Trustee's motion to modify ii filed in good faith. "It is the settled law of the circuit that good faith is to be assessed through the matrix of whether the plan proponent 'acted equitably' taking into account 'all militating factors' in a matter that equates with the totality of the circumstances." *In re Fridley*, 380 B.R. 538, 543 (9th Cir. BAP 2007)

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 5 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

citing *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386m 1390-91 (9th Cir. 1982); *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 677 (9th Cir. BAP 2006).

"If there is an asset that comes into the estate post-confirmation, that asset must be valued as the date of any modification motion for the purposes of §1325(a)(4) and the non-exempt value of that post-confirmation asset should be added to the previously calculated best interests of creditors number." *In re Villegas*, 573 B.R. 844, 850.

The majority view is that 180-day time limit contemplated by 11 U.S.C. § 541(a)(5) is modified by 11 U.S.C. §1306(a)(1) so that any property acquired post-petition, while the bankruptcy case is pending, is brought into the estate. *See In re Roberts*, 514 B.R. 358, 362 (Bankr. E.D.N.Y. 2014). Both *Roberts* and *Villegas* have been criticized, but that criticism has come from outside of the Ninth Circuit. *See In re Taylor*, 631 B.R. 346 (Bankr. D. Kan. 2021; *In re Baker*, 620 B.R. 655 (Bankr. D .Colo. 2020).

*Baker* is factually distinguishable. That case involved the post-confirmation sale of assets that were owned as of the petition date. The issue was whether the post-confirmation appreciation in value of the pre-petition asset in excess of the claimed exemption was property of the estate. That is not the issue in this case.

In *Taylor*, the court agreed that the best interests of creditors test applied to a modified plan but reasoned that 11 U.S.C. § 348(f) rather than 11 U.S.C. § 1306 should control whether a post-petition, post-confirmation asset should be included in the best interests of creditors test. *In re Taylor*, 631 B.R. 346, 354-55. Trustee takes issue with that approach as it requires a hypothetical showing of bad faith, in a hypothetical conversion, on behalf of a debtor in order to include post-petition, post-confirmation assets as part of the best interests test.

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 6 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Debtor became entitled to receive the inheritance funds in February 2022. She did not disclose the potential inheritance until September 30, 2022. ECF No. 36. She did not disclose the amount she anticipated receiving until February 7, 2023. She did not disclose that she had actually received the funds until March 3, 2023, and then only after multiple requests from the Trustee. Debtor's amendment of her schedules to disclose and exempt a portion of the inheritance further demonstrates that she believed the inheritance to be part of the estate until a plan modification was requested. Now, despite disclosing and exempting the asset, Debtor has simply retained the funds and expects a discharge. These are not the actions of an honest, but unfortunate debtor.

As set forth above, the non-exempt value of Debtor's inheritance is property of the estate. The value of that property exceeds filed unsecured claims. Debtor has paid nothing to unsecured creditors so there are no payments to "credit" under the disposable income test in *Villegas* to reduce the amount that needs to be paid on account of Debtor's post-confirmation inheritance.

Therefore, the plan should be modified to account for the revised best interests of creditors number consistent with *Villegas* or, alternatively, Debtor's case should be dismissed.

## CONCLUSION

**WHEREFORE**, the Trustee requests that the Court grant his motion and modify Debtor's plan to provide for 100% repayment to unsecured creditors by way of a liquidation value of $57,976.00 or that the Court enter an order dismissing her case.

**DATED** this 8th day of March, 2023.

/s/ Mathew S. LaCroix
Mathew S. LaCroix, WSBA# 41847
Staff Attorney for Michael G. Malaier
Chapter 13 Trustee

NOTICE OF AND TRUSTEE'S MOTION
TO MODIFY CONFIRMED PLAN OR DISMISS
- 7 -

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
(253) 572-6600

Case 19-42260-MJH    Doc 41    Filed 03/08/23    Ent. 03/08/23 08:47:29    Pg. 7 of 7