# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>BREANNA DEE MADRID,<br><br>Debtor. | Case No.: 19-42260-MJH<br><br>TRUSTEE'S REPLY TO DEBTOR'S RESPONSE TO CHAPTER 13 TRUSTEE'S MOTION TO MODIFY CONFIRMED PLAN |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and submits his reply to Debtor's Response to Trustee's Motion to Modify Confirmed Plan Pursuant to 11 U.S.C. §1329(a) or, Alternatively, to Dismiss Pursuant to 11 U.S.C. §1307(c), as follows:

## **REPLY**

### I. **Debtor had a Statutory Duty to Timely Disclose Her Anticipated Inheritance When She Became Entitled to Receive it.**

Debtors are obligated to cooperate with the Trustee so that he can perform his duties. 11 U.S.C. § 523(a)(3). Debtor here concedes that the inheritance is property of her bankruptcy estate under 11 U.S.C. § 1306(a). ECF No. 42 at 4. The statutory duty to disclose the anticipated inheritance arose in February 2022, which was month thirty-one of Debtor's

TRUSTEE'S REPLY - 1

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
253.572.1600

Case 19-42260-MJH    Doc 43    Filed 03/24/23    Ent. 03/24/23 12:49:32    Pg. 1 of 4

applicable commitment period. Importantly, it did not arise after Debtor was reminded of her obligation to disclose by email on September 21, 2022, as she implies in her response.

## II. Debtor had a Court-Ordered Obligation to Timely Disclose Disclose Her Anticipated Inheritance When She Became Entitled to Receive it, Which She Knew Prior to Counsel's Email.

The Order Confirming Chapter 13 Plan ordered that "…(3) the Debtor shall promptly comply with the Trustee's request for financial information…" ECF No. 27.

Trustee's preamble for section 341(a) meetings has not changed since the filing of Debtor's case. She received the following admonition at her section 341(a) meeting:

> **From the date of filing if you become entitled to receive any asset**, such as a personal injury claim, life insurance proceeds, **or an inheritance you need to let your attorney and my office know right away**.
>
> **Failing to disclose assets**, income, or liabilities **may adversely affect your rights in your case and may also result in denial of your discharge and possible criminal charges being filed by the United States Trustee.**

Debtor also agreed that inheritances received post-petition would be property of the estate and vest in the Trustee when she signed her plan, which included:

> VIII. Property of the Estate:
>
> Property (including, but not limited to, bonuses, **inheritances**, tax refunds or any claim) acquired by the Debtor post-petition **shall vest in the Trustee** and be property of the estate. **The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500**, unless Section X specifically provides for the Debtor to retain the money or property.

Local Forms W.D. Wash. Bankr.13-4 at 4-5.

Debtor should not be permitted to claim ignorance of an obligation she was specifically advised of and that she agreed to at the outset of her case.

TRUSTEE'S REPLY - 2

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402
253-572-6600

Case 19-42260-MJH    Doc 43    Filed 03/24/23    Ent. 03/24/23 12:49:32    Pg. 2 of 4

### III. Debtor's Failure to Timely Disclose and Failure to Remit Non-Exempt Inheritance Funds Constitute Bad Faith.

Bad faith as cause for dismissal involves a totality of the circumstances test. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). A court should consider whether the Debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the petition or plan in an inequitable manner; the history of filings and dismissals; whether the Debtor intended to defeat state court litigation; and whether egregious behavior is present. *Id*.

Once a court has determined that cause for dismissal exists, the court must determine what remedial action to take. *Ellsworth v. Lifescape Medical Associates et al. (In re Ellsworth)*, 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011). The court may dismiss a case with prejudice (precluding the Debtor from ever again seeking to discharge debts which would have been discharged by the plan) or impose some lesser remedy. *Id*.

Bankruptcy courts have the authority under 11 U.S.C. §§ 105(a) and 349(a) to sanction bad faith actors *Casse v. Key Bank, N.A. (In re Casse),* 198 F.3d 327, 337 – 40 (2d Cir. 1999).

Here, Debtor failed to timely disclose her right to receive her inheritance. Had she done so, it would have permitted Trustee to take action during her applicable commitment period. Instead, Debtor waited until after the applicable commitment period elapsed to disclose her inheritance and then waited until she had remitted her final payment to confirm that she had received it. In other words, Debtor is using a situation of her own creation to unfairly manipulate the Bankruptcy Code in an attempt to receive a discharge and retain estate property. Debtor should not be permitted to have her cake and eat it, too.

TRUSTEE'S REPLY - 3

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA 98402

Case 19-42260-MJH    Doc 43    Filed 03/24/23    Ent. 03/24/23 12:49:32    Pg. 3 of 4

## CONCLUSION

Debtor's right to receive her inheritance vested in the Trustee during her applicable commitment period; it is property of the estate. Her repeated failures to comply with the Bankruptcy Code and this Court's orders should not be rewarded to the detriment of her creditors. If she is not willing to turnover the non-exempt portion of the inheritance necessary to pay 100% of filed claims then her case should be dismissed.

**WHEREFORE**, Trustee requests that the Motion be granted and Debtor's case be dismissed and closed.

**DATED** this 24th day of March, 2023.

> /s/ Mathew S. LaCroix
> Mathew S. LaCroix, WSBA# 41847 for
> Michael G. Malaier, Chapter 13 Trustee

## CERTIFICATE OF MAILING

I declare under penalty of perjury under the laws of the United States as follows: I mailed via regular mail a true and correct copy of the Trustee's Reply to the following:

| | |
|---|---|
| Breanna Dee Madrid | PRA Receivables Management, LLC |
| 331 – 3rd St. S.E. | P.O. Box 41067 |
| Puyallup, WA  98372 | Norfolk, VA  23541 |

The following parties received notice via ECF:

Ann C. Manley
Bruce K. Medeiros
US Trustee

Executed at Tacoma, Washington on the 24th day of March 2023.

> /s/Tracy Maher
> Tracy Maher
> Office Manager

TRUSTEE'S REPLY - 4

Michael G. Malaier
Chapter 13 Standing Trustee
2122 Commerce Street
Tacoma, WA  98402